Mr. Justice Cox
delivered the opinion of the court.
We have had under consideration the petition of Charles *371 H. H. Hall for a writ of mandamus against the Secretary of the Navy. Tbe case made by the petitioner is simply this: He was heretofore appointed an assistant surgeon in the Navy, and belonged to the class of 1874. He claims that, according to a long established usage of the Navy Department, the relative rank of officers of the same class, after passing examination, is determined, not by seniority — that is, not according to date of appointment — but according to merit, as determined by this examination, and that this usage has been recognized by the legislation of Congress.
In conformity with that, he shows that in 1880 a board was appointed by authority of the then Secretary of the Navy, R, W, Thompson, for the examination of officers, •and to determine the length of service of each officer; or rather the manner in which the full length of service should be estimated, in order that the precedence of these officers ■should be determined according to existing law; that, in pursuance of this appointment, this board of officers examined into the antecedents of the several officers, and made a report, according to which the petitioner became entitled to a certain relative rank, with reference to his associates in the same class, and that he .was placed on the naval register in conformity with this report, which Was approved by the Secretary of the Navy.
About eight days afterwards, this order was rescinded, in consequence of an opinion received from the Attorney-General, to the effect that the law of 1877 made necessary a change in the practice of the Department in this respect, and required that officers should rank according to seniority alone. The Act referred to is that of February 27, 1877, and provides in the following terms:
“The grades established by the six preceding sections for the Staff Corps of the Navy, shall be filled by appointment from the highest members in each corps, according to semt/rity.”
Consequently, a new arrangement was directed by the Secretary, and the petitioner, as he expresses it, was “ degraded ” from the rank to which he was entitled, and to *372 which he had already been assigned, and fell several numbers below his former position, and below some of his classmates whom he preceded according to the first assignment.
He claims that this was a wrong upon his vested rights, and that the only redress is a mandamus from this court requiring the Secretary of the Navy to restore him to his former relative position.
If the construction given to the Act of 1877 by the Attorney-General and Secretary be correct, then it is conceded that the petitioner has no standing in court at all. On the other hand, if it is erroneous, it does not follow that he is entitled to this relief, because the question still remains, whether there is any legislation antedating the Act of 1877, which requires that the Secretary of the Navy shall assign him the rank which he claims and asks tó have the Secretary compelled to assign to him.
In the absence of any contrary authority, the presumption would be, that the comparative length of service of an officer, and his relative rank, are to be determined according to the date of his appointment, and the question would be, whether there is any legislation making a different rule.
We have not been referred to, and in fact there is not, any statute which provides, in terms, for any such rule. It is true that the usage has grown up in the Department (and probably it is a very correct and advisable one, in view of the results which are attributed to it), that an officer shall be assigned rank in the order of merit 'as determined by competitive examination. That usage has prevailed for a long time, and its propriety, perhaps, was recognized by an act of Congress passed in 1835, and found now in section 1372 of the Revised Statutes. That section provides that:
“ When any assistant surgeon was absent from the United States on duty at the time when others of his date were examined, he shall, if not rejected at a subsequent examination, be entitled to the same rank with them; and if from *373 any cause his relative rank cannot be assigned to him, he shall retain his original position on the register.”
And it is argued, fairly, that his original or former place on the register, means the grade or rank that he held, according to the date of his appointment, and relative rank had no meaning at all, unless it be that determined by competitive examination and according to merit.
The argument is, perhaps, a correct one, but still it is to be observed that this law does not purport, in terms, to legitimate or approve anything that was not lawful before that; and if it recognizes this usage or custom, it does it by a very uncertain implication; that is, not a very clear implication, and the very fact of recognizing it in this implied way, assumes that the matter was under the control and within the discretion of the Department before that date, because there was never any other authority for it than the discretion and judgment of the head of the Department.
We further find, from the proceedings developed in this record, that, as late as 1880, this subject was clearly recognized as one within the discretion and control of the Department. The very order of December, 1880, appointing the naval board, has that effect. The Secretary there directs the board to assemble and “ carefully consider the case of each commissioned officer on the active list of the Navy, below the grade of Rear-Admiral, and will report to the Secretary of the Navy for his consideration, the date from which, in its judgment, the length of service in the Navy of each of such officers should be estimated in determining their precedence under existing law.”
In the first place, this board was to exercise its judgment upon this question, and then it was to report the result to the Secretary for his consideration. This submitted the matter to him for the exercise of his judgment either in the way of approval or dissent. Accordingly, the board went to work and reported to the Secretary that they have now submitted for his consideration “a list of the line and staff officers of the Navy, with the date of precedence placed *374 opposite the name of each officer. These results we re obtained by the following rule: The date of entry into the service of the member of a class who entered the earliest in the year, has been given as a date of precedence for such member, and all of the same class who passed above him at graduation,” etc.
In other words, they took the officers who passed above the oldest members of the class in service and put them in the same rank with him, although they had entered, considerably after him.
Now, there is no law for this. It is purely an arbitrary, rule, and it can only be vindicated upon the ground that the subject was within the control of the Department. For all that appears in this record, this may have been a novel and original rule, not acted upon before. We think it indicates that the subject was then regarded as clearly within the discretion of the head of the Department. It certainly is not ordained by statute. The petitioner here derived his title to the rank which, he claims, was assigned to him in the first instance, from the exercise of this very discretion in the head of the Department, and no other authority whatever. He cannot acquire. rights in that way, under the authority of the Department, which are paramount to that authority. The Secretary had a right to maintain this as a rule, or to rescind it, the moment after it was carried into execution, and submit it to the same or another board for reconsideration, and with a view to have submitted to him, for his further consideration, some other rule by which the precedence of officers should be determined.
Something has been said about the petitioner’s position as having acquired vested rights; but surely the matter of relative rank is not one which is a vested right, or which an officer cannot be deprived of by legislation. It is true that he came into the Navy with the expectation that a certain rule of precedence as between him and his fellow officers would be acted upon. Yet that was not a matter of contract, and it was not a matter of contract that his term of service should be- computed from this- or that date. That *375 is a matter clearly open to legislation by Congress, and to the action of the Executive Departments within the scope of their discretion on that subject; so that he acquired no more rights after this order of assignment to this rank, than he had before — I mean as against the authority of the Department itself — and it was competent for the Secretary to rescind the rule under which he was assigned to this relative rank and to adopt any other rule.
Now, the Secretary did rescind it, but with the reasons for that we are not concerned. Whether he thought that in itself it was unadvisable, or thought that the Act of Congress of 1877 had made a new rule — whatever be the grounds of his action — it was within the scope of his authority.
It is impossible for us to say that under any Act of Congress the. petitioner was entitled to the rank which he acquired under this first and rescinded rule. It had no historic existence except under the authority of the Department.
There is no law making it a ministerial duty on the part of the Secretary to assign this petitioner to the rank he claims. That being the case, according to the simple-formula of the law of mandamus, which has been settled upon in this court, the court cannot interfere. It cannot exercise its authority unless the law plainly and unambiguously makes it the ministerial duty of the officer to do an act, without allowing any scope for the exercise of judgment on his part.
We think, therefore, it is a plain case in which the court is not at liberty to issue a mandamus against the Secretary, and the prayer of the petition is therefore denied.